-Bland, Chancellor.
This case standing ready for hearing, on the default of the defendants to answer as required by the order of the 22d of March last, and having been submitted by the plaintiff on a motion to have the bill taken pro confesso, and a final decree passed, the proceedings were read and considered.
The course of proceeding against a defendant whose answer, on exceptions, has been held insufficient, does not appear to be clearly and generally understood. I shall, therefore, avail myself of this occasion to explain the mode of proceeding against a defendant who has contumaciously neglected to answer, or who has failed in an attempt, by a demurrer or plea to protect himself from answering as the bill requires; or who, after such answer put in by him has been held, upon exceptions, to be insufficient, has failed to make a good and sufficient answer, as ordered.
The ancient practice of having the bill first filed, and directing process to be thereupon issued, as prayed, to bring in the defendant to answer, having been improperly departed from, it very often happened, that a defendant was vexatiously brought into court, as for a contempt in not answering, long before the complaint to which *449 he was required to make answer was exhibited, and made known by the plaintiff. This was a grievance; (a) to prevent which, it was declared, by an English statute, passed in the year 1705, and adopted here, that no process for appearance should issue till after the bill was filed, except in cases of bills for injunction to stay waste, or to stay suits at common law. (b) But even in these excepted cases, as no injunction is ever granted in England without an affidavit setting forth the circumstances out of which the equity arises, to which the bill, in order to insure a continuance of the injunction, must substantially conform, the defendant is thus, in all cases, according to the present course of proceeding, at once informed, on his appearance, of the cause of complaint to which he is called upon to answer. But no relief whatever can be granted upon the bill against an absent person; because no proof can be made against him, and there can be no foundation for a decree without confession or proof of the matters stated in the bill, (c)
The first process for calling the defendant in, to appear and answer, is the subpcena. If he should be abroad, or cannot be served with that process, the case can proceed no farther, and the plaintiff must, according to the English ■ course of proceeding, in many cases, go without redress. But if after having been summoned by the subpoena, a defendant fails to appear, then there goes against him an attachment for contempt, (d) and after that an attachment with proclamation, then a commission of rebellion, and then a sergeant-at-arms ; and if he should not be taken and brought in upon any of those writs, then there may be issued a sequestration, by which all his property may be taken, and held by the officer of the court; from which property, so taken, a plaintiff may, in some cases, obtain satisfaction, (e) But, notwithstanding that there could be no decree upon the bill against the defendant, until it was declared, by a British statute, passed in the year 1732, and adopted here, that in such cases, on publication being made as therein prescribed, warning the absent or absconding defendant, who had, or who had not been served with the subpcena, to appear, the bill *450 might be taken pro confesso. (f) But as an express, or constructive appearance is deemed indispensable to enable a plaintiff to obtain relief; and as it sometimes happened, that a defendant, who had been arrested and brought in - upon some one of the writs, following the subpoena, refused to enter his appearance, it was, by the same statute, declared, that if a defendant should, by virtue of any process, be brought into court, and should refuse to enter his appearance, the court might enter an appearance for him, upon which the plaintiff might proceed. (g)
After an appearance has been entered, if a defendant fails to answer, the plaintiff, to extract an answer from him, may sue out an attachment, and so proceed to sequestration; after which, the bill may be taken pro corfesso, and a decree passed accordingly, without exhibiting any proof of the truth of its allegations, as was formerly deemed proper. (h) But if the defendant should be taken by any process, after his appearance, then he may be imprisoned and held in close custody until he has answered, or be brought in, and the bill taken pro Confesso against him. (i) This course of proceeding may be applied as well to bills of revivor and amended bills as to original bills, (j) And as a case cannot be set for hearing until all the defendants have answered, or until the whole line of process has been run out, and the bill, where it is allowable, taken pro corfesso against each, this mode of proceeding must be pursued against each, where there is a plurality of defendants, (k)
Upon any reasonable ground of indulgence, however, if the delay has not been extravagantly long, the court will, on the payment of costs, and on the defendant’s communicating the answer he proposes to put in, and shewing its sufficiency, set aside the order for taking the bill pro confesso, and allow the answer to be filed. (l)
*451 Such in substance were the principles and practice of the English and Maryland Court of Chancery, when the general assembly of this republic commenced that reformation by which so many material alterations have been made. They declared, that in all cases in chancery, the process of commission of rebellion and sergeant-at-arms, should be omitted as unnecessary; (m) and have virtually abolished the writ of sequestration, as a mesne process, by providing other means, incompatible with its existence, of attaining the same object, (n) They have prescribed a mode of proceeding against those who may be found within the jurisdiction of the court; and have also provided a mode whereby relief may be had in equity against absent defendants, who are not resident any where within the state; making all such regulations alike applicable to all cases, upon an original or any other kind of bill; as well where there is only one, as- where there are a plurality of defendants, within or out of the state; and thus placing it in the power of the plaintiff to have each defendant brought in, and compelled to answer, or to have the bill taken pro confesso against *452 him; so as to proceed with the case, and to obtain a final decree against all, if necessary, where there is a plurality of defendants. (o)
In regard to defendants who may be found within reach of the process of the court, it has been declared, that if a defendant, being of full age, and regularly summoned, shall negleet to appear at the return court, and shall stand out the process of attachment of contempt, and attachment with proclamation, without appearing and putting in a good and sufficient answer, by the fourth day of the term to which it is returnable, (p) the bill may be taken pro confesso ; or the defendant being, after appearance, brought into court for not answering, may, on motion, stand committed until discharged by further order; (q) and if he does not put in a good and sufficient answer by the fourth day of the next court, the bill may be taken pro confesso. And if the defendant shall have further time granted him to answer, and he shall not put in a good and sufficient answer before the expiration of the time, the bill shall be taken pro confesso, without any further delay; and in all such cases, such decree may be made thereon as may be deemed just; or the Chancellor may order a commission for the plaintiff to examine witnesses, or may examine the plaintiff on interrogatories, to ascertain the allegations of his bill, and may decree as he shall think just, (r) That every defendant appearing at the return court of the subpcena, shall file a good and sufficient answer on or before the fourth day of the court, next following the return court; and if, not having further time granted to answer, he shall omit to do so, he shall be in contempt, and the plaintiff may have an attachment of contempt; and on that being returned non est, may have an attachment with proclamation against him; and if he shall not file a good and sufficient answer by the return court, of the last mentioned process, the bill, unless farther time has been granted him to answer, shall be taken pro confesso ; and such decree made, as may be thought just; and if such a defendant shall have farther time granted him to answer, and he shall not, before the expiration of such time, put in a good and sufficient answer, the bill shall be taken pro corfesso, without further delay, and such decree made *453 thereon as may be deemed just; or the Chancellor may order a commission to issue, or examine the plaintiff on interrogatories, and thereupon decree as he may think just, (s) That if an attachment for want of appearance or answer, shall be returned served or attached, and the defendant shall not appear at the day Of the return, the Chancellor may by order, limit a certain day, in the following term, on or before which the defendant shall appear, and put in a good and sufficient answer, plea, or demurrer, otherwise, the bill may be taken pro confesso, and a decree thereon; provided, that if such defendant shall, before a decree, appear, and immediately put in such answer, there shall be the same proceedings as if he had regularly appeared and answered, (t)
And further, that in case a subpoena shall be returned non est by the sheriff of the county where the defendant shall be known, or generally supposed to reside; and on áffidavit of some indifferent person, of the said known or supposed residence, and of the defendant’s having avoided,.or kept out of the way of the sheriff, or evaded the service of the subpoena, (u) the Chancellor may, on motion, direct publication to be given in some newspaper, convenient to the known of supposed residence of the defendant, at least three weeks successively, of the filing, subject and object of the bill, arid of the day fixed, not less than four months subsequent to the publication, for the defendant’s appearance; and on his failing to appear, to proceed as against a non-resident; provided, that if such defendant shall appear, at any time before a decree, and shall, on or before the fourth day of the subsequent term, put in a good and sufficient answer, or a good plea or demurrer, the proceedings thereafter, shall be the same as if he had appeared to the summons ; and, if, within nine months after a decree, such defendant shall appear, file a petition, praying to set aside the decree; and likewise, answer, plead or demur, the Chancellor shall annul the decree as to such defendant, and there shall be the same proceedings, as if he had appeared to the summons. (w) And that Where a subpoena has been returned summoned, and the defendant neglects to appear, or appearing, fails to put in a good and sufficient answef within the time prescribed by the rales of the court, an interlocutory decree may be entered, and a commission issued ex parte *454 for the taking of testimony in support of the allegations of the bill upon the return of which, the court may proceed to a final decree. But that, when the bill shall charge any matter as .being within the private knowledge,of the .defendant, and-the plaintiff shall satisfy the court, by affidavit in open court, that such matter does rest in the private knowledge of the defendant, the bill as to such matter may be taken pro confesso, and a final decree made, as if. such matter had been proved or admitted, (x)
But there being a great variety of instances in which it .was important that some means should be given for obtaining relief in equity against persons who were competent to answer, (y) but were not within the jurisdiction of the state, all such cases have been provided for by several general, and apparently comprehensive legislative enactments; (z) which appear to have virtually modified, or repealed several then existing provisions in relation to the same matter; (a) and to have more particularly.specified what should be deemed sufficient notice as spoken of in some other laws. (b)
It has been declared, that, in all 'cases whatever, where a bill shall be filed against a person not residing within the state, the Chancellor may direct such notice of 'the bill, and the objéct thereof by advertisement in newspapers, or otherwise, warning the defendant .to appear on or before some day to be fixed, not less than four months from the time of the first advertisement, to shew cause why a decree should not be passed as prayed; and, in case,-the defendant shall not appear, the bill shall be taken pro confesso, or a commission shall, on application of the plaintiff, be issued to take depositions on his part; and on the return thereof, the Chan-, cellor may proceed to decree according to the facts proved; provided, that if the defendant shall appear before the decree, there shall be the same proceedings as if he had appeared on the return of a subpoena; and provided also, that if any person against whom a decree shall be made shall .appear within eighteen months after the date of the decree, and require a review of it upon bill filed, the Chancellor shall proceed to an examination of the matters in dispute, and decree as if such person had originally appeared, (c) *455 But, where the proceeding is against the heir at common law, with publication against the other heirs under the act to direct descents, such appointed day must not be less than four months subsequent to the publication; (d) and as against a non-resident defendant to a bill of interpleader, the day appointed for his appearance, must be not less than six months from the time of the publication of the order, (e) ' ■
And it has been further declared, that if a bill be filed against any person, to compel a specific performance of a contract, who is not a resident of the state, or to be found therein, and it cannot be ascertained whether he be living or not; or if dead, whether he left any legal representatives, or who they are, the Chancellor may, without the appearance of the absent party, either take the bill pro confesso, or issue a commission for taking depositions ex parte, and on taking the bill pro confesso, or the return of the commission, decree as justice and equity may require: Provided, that the plaintiff shall give at least six months’ notice of his application, in such newspaper as the Chancellor shall direct; and provided, that if the defendant shall appear at any time, not exceeding eighteen calender months after such decree, and request a review of it upon bill filed, the Chancellor shall proceed to an examination of the matter, and to a final- decree in the same manner as if such defendant had originally appeared; and provided also, that such defendant may, at any time before a decree, appear and be admitted to defend on filing a good and sufficient answer, plea, or demurrer, (f) That in case a defendant resides out of the state, and a summons has been served upon him, (g) the Ghancellor may, by order, limit a day on or before which he shall appear, and put in a good and sufficient answer, plea, or demurrer; and if a copy of the said' order be served upon him, or inserted in some convenient newspaper at least three months before such day, and he shall not appear and answer,, the bill may be' taken pro confesso, and a decree passed accordingly; provided, that if such defendant shall, before a decree, appear and immediately put in such answer, there shall be the same proceedings as if he had regularly appeared and answered. (h) And that, if,-on the death of a plaintiff, a bill of revivor shall be filed and the defendant shall have removed out of the *456 state, the Chancellor may direct such proceedings as may be best calculated to promote substantial justice; provided, that the defendant be then alive, and his answer shall have heen put in before the death of such plaintiff, (i)
But as all these modes of proceeding against absent defendants by publication related only to adults, or to persons competent to refuse to answer on being so warned, (j) it was necessary to provide for cases in which infants were defendants ; and therefore, as regards infants it was declared, that if a bill shall be filéd against an infant out of the state, there shall be the same proceedings, and the Chancellor may decree as if the infant were of full, age; provided, that in all cases, where a decree shall be passed against an infant out of the state; except in those cases in which proceedings against infants out of the state are already provided for by laWj (k) there shall be liberty reserved for the infant, within eighteen calendar months from the date of the decree; or within six such months after the infant shall attain the age of twenty-one years, to shew cause wherefore the decree ought not to have been passed 5 and the bill filed for shewing causé shall be against the original plaintiff, or those claiming under him, on which the Chancellor shall direct proceedings by subpoena, or such notice as he shall think proper of the substance and object of the bill, by a day limited, not less than four months after notice, for the defendant to file an answer to such bill of revision, which if not filed, the Chancellor may proceed to a revision of the decree before passed, or direct proofs ex parte to be received as evidence in addition to the former proceedings ; and in case of the defendant’s appearing to such bill of revision, additional evidence and proceedings m,ay be had, and the Chancellor shall pass such decree, as circumstances and the equity of the case may require. (l)
All these newly prescribed modes of proceeding, by publication against adult and infant defendants applied, however, to, none other than original and regular proceedings in equity, and therefore, in relation to all interlocutory petitions in chancery, as well as to petitions of all other kinds addressed to it, or to any other of the courts of justice, it has heen declared, that in all cases of petitions, instituted in any of the courts of this state, to which .a nonresident may be a party, such court, upon being satisfied of súch *457 non-residence, and that its process cannot be served on him, may order such notice to be given by advertisement in the public newspapers, or otherwise, as it may deem reasonable, warning such non-resident to appear by a certain appointed day, at least three months thereafter; whereupon the court shall hold jurisdiction of the case and determine the same as if such non-resident had appeared thereto. (m)
And, finally, as to cases in chancery, in general, it has been declared, that in case any defendant shall appear agreeably to an order limiting a day, or voluntarily, he shall put in a good and sufficient answer, plea or demurrer, on or before the fourth day of the term succeeding such appearance, or be liable to be proceeded against, if a resident of the state, as if he had been summoned and appeared ; and if he be a non-resident, either the bill shall be taken pro confesso, or a commission may issue to take depositions ex parte, and a decree thereon made, (n) That in cases where a defendant may be ordered to produce books in his possession, on his failing to do. so, or to shew sufficient cause at the term appointed therefor, the Chancellor may take the allegations of the bill pro confesso, and decree ex parte in such manner as shall appear just, (o), And that in all cases whatever, it shall be at the discretion of the Chancellor, where he is authorized to decree without the appearance of the defendant, either to take the bill pro corfesso, or direct a commission for taking depositions ex parte, as by law is directed, in certain cases where the defendants are non-residents, (p) But, as in all cases where the bill is to be taken pro confesso, the court hears the pleadings, and itself pronounces the decree, as seems tobe expressly required by legislative enactment in some cases; (q) and does not permit the party to draw up his own decree; and so take such a one as he himself conceives he can abide by, as in cases of default by the defendant at the hearing; (r) it follows, that if it should appear, upon the face of the bill, as thus taken pro corfesso, as when taken for true upon demurrer, that the court has no jurisdiction, or that the plaintiff has no equitable claim to relief, the bill must be dismissed with costs, (s)
In the ordinary course of the court, according to the existing *458 practice, a bill may be taken pro confesso, upon a demurrer in bar being over-ruled, or on a plea being found false, (t) And if a defendant attempts to protect himself from answering by a démurrer or plea, and fails, so that the bill may be, taken pro confesso, he may without- being allowed or ordered, to answer as the bill requires, be compelled, if called - on by the plaintiff, to answer interrogatories, and to make such disclosures as may be necessary, to enable the plaintiff to obtain the relief he seeks. (u) And so too, where a bill has been taken pro confesso, the necessary discovery required of the defendant may be supplied by proofs taken for that purpose, according to the ancient English mode, (w) or upon interrogatories propounded to the plaintiff, or upon his affidavit, or' by proofs taken in the manner prescribed by .the before mentioned acts of assembly. If, however, the plaintiff’s bill so exactly and perspicuously sets forth the facts and circumstances of his ease, as to lay a complete foundation for the relief he asks, on its being wholly taken for true, there can be no occasion .for enforcing an answer in any form, from the defendant; since his tacit admission of the truth of all the allegations of the bill, as they stand, will be amply sufficient to enable the court to do full justice to the plaintiff.
It is a general rule, that wherever á defendant submits to answer, he must answer as folly as the bill requires. (x) If he puts in an answer, to which the -plaintiff excepts, and the exceptions are sustained, the defendant must put in a better answer by the time appointed for his so doing.. The order by which his answer is declared to be insufficient, places him exactly in the situation in which he stood immediately before his insufficient' answer was filedand makes him again liable to any proceeding which might, at that time, have been had against him; so that where an answer 'has been adjudged, on exceptions, to be insufficient, and the defendant has not, as ordered, filed a sufficient answer by the appointed day, the plaintiff may, according to the principles of the English practice, again take up and continue his process of contempt, just where he had left off when the insufficient answer was filed; or as at that time, if he was so' entitled, have his bill taken pro confesso, and obtain a decree thereon accordingly. Recollecting how *459 ever, that when the defendant submits to answer the exceptions; or the answer upon exceptions, is held to be insufficient, and the defendant answers accordingly, the plaintiff can take no other or new exceptions, but must have the sufficiency of the whole of such' answers again put to the test upon the original exceptions, (y)
An insufficient' answer must of necessity, be regarded as no answer; since it would be unjust or ruinous, to compel a plaintiff to reply to, and go to trial, on an insufficient answer, full of absurdities and inconsistencies, or which was, in many particulars, palpably deficient. The taking of exceptions to an answer, is tantamount to a demurrer, upon an insufficient plea at law; and if such a demurrer is sustained, the plaintiff has judgment, because the plea is insufficient; and so in equity, on exceptions to the answer being sustained, the like consequences must follow. But for the adoption of this rule, there would seem to be no end to the delays which a defendant might produce by repeated sham answers. And indeed, even as the rule now stands, according to the English system, the expensive delays in chancery proceedings, under the present mode of obtaining a full answer, after a previous one had been declared insufficient, have been considered as so serious a grievance, that there has been recently a great effort made to obtain from parliament, some reforms, similar to those which have been so long since engrafted into our system, (z)
If, then, we apply these reasonable and established principles, that, where a defendant has failed to put in a sufficient answer, as required, the plaintiff may renew his course of proceeding from the point at which he had left Off when the insufficient answer was filed; and that an insufficient, answer must be regarded as no answer, to the course of proceedings prescribed by the before-mentioned legislative enactments, it will be seen that it has been expressly declared, that qn a defendant being returned attached for *460 not answering, he may be committed, or the plaintiff may obtain an order to take the bill pro confesso at the next term, or that if a defendant shall have further time to answer, and shall not, before the expiration of the time, put in a good and sufficient answer, the bill may be taken pro confesso, without any further delay, and a decree passed thereon. From which, it follows; that after a defendant’s answer has, upon exceptions, been declared to be insufficient, the plaintiff, because of his deeming the discovery he seeks necessary to his case, may, if he can, by the specified process, have the defendant arrested and committed to close custody until he does answer; or the order, determining the answer to be insufficient, and requiring a better answer by an appointed day, may be considered, as in truth it is, a grant of further time to answer, since the defendant thereby not merely obtains time to deliberate before he makes answer, but has its deficiency, after it has been made, particularly pointed out, and is thereupon allowed further time to supply its defects. And, therefore, after the expiration of the time allowed by such an order, if a good and sufficient answer be not put in, the plaintiff may well have his bill taken pro corfesso without further delay, and a final decree made thereupon accordingly. (a)
If a plaintiff could not be allowed,- in’this manner, either to have the defendant attached and compelled to answer, or to have his bill taken pro confesso, as if no answer at all had been filed, then those legislative provisions, by which the proceedings against á defendant to obtain an answer, .or have the bill taken pro confesso have been regulated might be continually evaded or rendered altogether nugatory. It would only be necessary, in any case, for the defendant to file a mere sham answer, with the express view to its: being declared insufficient, so as to throw the plaintiff back Upon and force him to resort to, and again run out the same line of process' up to that at which he had left off. Such a course,- it is evident,would be in direct opposition to the spirit, if not to the letter, of those legislative eriactments, the clear principles of which may be so aptly applied to all cases situated like the present. Upon the whole, therefore, I am of opinion that this plaintiff may now have his bill taken pro confesso for want of an answer, and have a final and absolute decree founded upon that default and tacit confession.
Whereupon, it is Decreed, that the said bill of complaint be *461 taken pro confesso; that the said several deeds and conveyances from the said Jasper Peddicord to the said Jeremiah Barlhellow, and to the said Asbury Peddicord, in the bill mentioned, be, and the same are hereby declared to be fraudulent and utterly void as against the said plaintiff; that the property be sold; that Thomas S. Alexander be the trustee to make the said sale, &c.

 Forum Rom. 26, 64; 1 Harri. Pra. Cha. 194.

 4 Ann, ch. 16, s. 22; Kilty Rep. 247; 2 Mad. Cha. 197; 4 Inst. 92.

 Forum Rom. 36.

 Cowell v. Seybrey, 2 Bland, 18, note.

 Nodes v. Batle, 2 Rep. Cha. 283; Moyser v. Peacock, 3 Rep. Cha. 22; 2 Freem. 127; Davis v. Davis, 2 Atk. 23; 1 Harri. Pra. Cha. 194, 229, 242, 254.

 5 Geo. 2, ch. 25; Kilty Rep. 189; Mawer v. Mawer, 1 Cox, 104; Short v. Downer, 2 Cox, 84; Neale v. Norris, 5 Ves. 1; Winchester v. Beavor, 5 Ves. 113 ; 1 Fowl. Exch. Pra. 212.

 5 Geo. 2, ch. 25, s. 2; 1 Fowl. Exch. Pra. 202.

 Johnson v. Desmineere, 1 Vern. 223; Denny v. Filmer Nelson, 65; Davis v. Davis, 2 Atk. 22; Anonymous, 10 Mod. 431; 1 Fowl. Exch. Pra. 200; 1718, ch. 5.

 Anonymous, 2 Cha. Ca. 237; S. C. 2 Freem. 27; Thomas v. Jones Nelson, 50; Hughes v. Owen Bunb. 299; Snowden v. Snowden, 1 Bland, 551.

 2 Eq. Ca. Abr. 178; Jopllng v. Stuart, 4 Ves, 619.

 1 Fowl. Exch. Pra. 199; Geary v. Sheridan, 8 Ves. 192; Hoye v. Penn, 1 Bland, 33.

 Williams v. Thompson, 2 Bro. C. C. 279; Hearne v. Ogilvie, 11 Ves. 77.
Parron v. Brannock, 14th July, 1721. — Bill, Answer, and Exceptions. — Exceptions held good, and ruled, that the defendant give in a better answer, and six hundred pounds of tobacco costs. Ordered, that attachment issue for costs. Answer *451 filed, and exceptions filed to the last answer adjudged good, and the answer insufficient, with nine hundred pounds of tobacco, unless cause shewn to the contrary February court, 1722. Further process to issue, with twelve hundred pounds of tobacco costs. Ordered, attachment, with proclamation to issue. Commission of rebellion issued to John Rider, Henry Ennalls, William Ennalls, and Henry Hooper. Commission returned non est inventus. Ordered, that the sheriff of the county be sergeant-at-arms in this cause; and Ordered, that the proper process of sergeant-at-arms issue, directed to the sheriff as sergeant; process issued and returned, vide return.
Tilghman, Chancellor. — It appearing in this cause, that the defendant hath put in two insufficient answers, which have been set aside upon exceptions; that the defendant hath not put in any other answer; and that the complainant hath run out all the process of contempt. Therefore, Decreed, that the bill be taken pro confesso; that the injunction be made perpetual as to the execution at law complained of in the bill, with costs ; and that the complainant have a sequestration. — Chancery Proceedings, lib. I. jR. No. 1, fol. 72, 73.
Chew v. Moore. — The object of this bill, filed on the 15th of February, 1769, was to foreclose a mortgage, &c. The defendant was summoned, and he appeared by his solicitor, but failed to answer.
February, 1774. — Eden, Chancellor. — Ruled, if no answer in six months, from the 18th day of February, 1774, bill to be taken as confessed, and decree to be entered accordingly.
After which no answer having been filed, a final decree was passed. — Chancery Proceedings, lib. No. 1, fol. 56.

 1785, ch. 72, s. 26.

 1785, ch. 72, s. 19,20; 1795, ch. 88, &c.; 1 Newl, Prac. Cha. 85.

 1785, ch. 72, s. 31; 1820, ch. 161; 1 Newl. Pra. Cha. 93; Darwent v. Walton, 2 Atk. 510; Mayer v. Tyson, 1 Bland, 560.

 Can a defendant after standing out this proces, be allowed, as of course, to come in, and demur or plead ? Curzon v. De La Zouch, 1 Swan, 193; Cowell v. Seybrey, I Bland, 18, note; Forum Rom. 71.

j) Man v. Parkinson, 9 Mod. 266.

 1785, ch. 72, s. 19.

 1785, ch. 72, s. 20 ; 1 Harri. Pra. Cha. 278; 1 Newl. Pra. Cha. 125.

i) 1799, ch. 79, s. 2.

 Davis v. Davis, 2 Atk. 22; 1828, ch. 184.

 1797, ch. 114, s. 2, 3; 1773, ch. 7, s. 3, 4; 1832, ch. 302, s. 3.

 1820, ch. 161, s. 1, 2

 Carew v. Johnston, 2 Scho. & Lefr. 292; Knight v. Young, 2 Ves. & B. 185.

 Smith v. The Hibernian Mine Company, 1 Scho.

& Lefr. 238.

 1773, ch. 7, s. 3, 4; 1785, ch. 72, s. 30, 31; 1787, ch. 30, s. 2.

 1791 ,ch. 79; 1792, ch. 41; 1794, ch. 60.

 1795, ch. 88, s. 1; 1820, ch. 161, s. 4, 5; 1831, ch. 311, s. 13; 1832, ch. 302, s. 3; Knight v. Young, 2 Ves. & B. 185.

 1797, ch. 114; 1831, ch. 311, s. 10.

 1826, ch. 199.

 1804, ch. 107; 1737, ch. 80; 1792, ch. 41; 1795, ch. 88, s. 1.

 Scott v. Hough, 4 Bro. C. C. 213.

 1799, ch. 79, s. 1, 2.

t) 1799, ch. 79, s. 3,

 Carew v. Johnston, 2 Scho. & Lefr. 292.

 1789, ch. 46; 1790, ch. 38; 1797, ch. 114, s. 5; 1832, ch. 302, s. 9.

 1799, ch. 79, s. 4.

 1818, ch. 133, s. 1.

 1799, ch. 79; s. 9; Clapham v. Clapham, 1 Bland, 126, note.

 1798, ch. 84; 1807, ch. 140.

 1799, ch. 79, s. 5; Johnson v. Desmineere, 1 Vern. 223; Dominicelti v. Latti, 2 Dick. 588. —

 1820, ch. 161, s. 1.

 Geary v. Sheridan, 8 Ves. 192.

, Molesworth v. Verney, 2 Dick. 667; Iglehart v. Armiger, 1 Bland, 528.

 Davis v. Davis, 2 Atk. 24; Wood v. Strickland, 2 Ves. & Bea. 158; Trim v. Baker, 1 Cond. Cha. Rep. 240; Rowley v. Eccles, 1 Cond. Cha. Rep. 260.

 Brownsword v. Edwards, 2 Ves. 246; Hawtry v. Trollop, Nelson, 119; Wood v. Strickland, 2 Ves. & Bea. 158 ; Sanders v. King, 6. Mad. 63; Thring v. Edgar, 1 Cond. Cha. Rep. 457; Mitf. Plea. 302, —

 Johnson v. Desmineere, 1 Vern, 223.—

 Salmon v. Clagett, post.

 Dupont v. Ward, 1 Dick, 133; Turner v. Turner, 1 Dick. 316; Gregor v. Arundel, 8 Ves. 88; Partridge v. Haycraft, 11 Ves. 575; Williams v. Davies, 1 Cond. Cha. Rep. 217; Ovey v. Leighton, 1 Cond. Cha. Rep. 433; Hodgson v. Butterfield, 1 Cond. Cha. Rep. 434; 1 Harr, Pra. Cha. 321.

 Anonymous, 2 P. Will. 481; Hawkins v. Crook, 2 P. Will. 556; S. C. Mosely, 294, 383; Turner v. Turner, 1 Dick. 316; Bromfield v. Chichester, 1 Dick. 379; Child v. Brabson, 2 Ves. 110; Davis v. Davis, 2 Atk. 24; Darwent v. Walton, 2 Atk. 510; Wallop v. Brown, 4 Bro. C. C. 212, 223; Gordon v. Pitt, 4 Bro. C. C. 406 and 544; Attorney-General v. Young, 3 Ves. 209; 1 Hove. Supp. 362; Jopling v. Stuart, 4 Ves. 619; Gregor v. Arundel, 8 Ves. 88; Bailey v. Bailey, 11 Ves. 151; 2 Hove. Sup. 251; Anonymous, 2 Ves. jun. 270, and 1 Hove. Sup. 256; Landon v. Ready, 1 Cond. Cha. Rep. 23; 2 Eq. Ca. Abr. 179; Forum Rom. 106.

 Denny v. Filmer Nelson 65; Ogilvie v. Herne, 13 Ves. 563; Landon v. Ready, 1 Cond. Cha. Rep. 23.